IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kadeem Duane Davis,<br><br>                    Defendant,<br><br>v.<br><br>United States of America. | Criminal No. 3:23-cr-5-SAL<br>Civil No. 3:25-cv-1751-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendant Kadeem Duane Davis's motion to vacate under 28 U.S.C. § 2255. [ECF Nos. 74, 77.] The Government opposes the motion and moves for summary judgment. [ECF No. 85.] Davis filed a response in opposition. [ECF No. 88.] For the reasons below, the court **GRANTS** the Government's motion for summary judgment and **DENIES** Davis's motion to vacate because it is time-barred.

## BACKGROUND

In January 2023, Davis was charged in a three-count indictment for possessing with intent to distribute marijuana (Count One), possessing a firearm in furtherance of a drug trafficking crime (Count Two), and knowingly possessing a firearm after a prior felony conviction (Count Three). [ECF No. 3.] Although counsel was initially appointed, Davis later retained Attorney Seth Rose to represent him. *See* ECF No. 30. On October 18, 2023, Davis pleaded guilty to Counts One and Three pursuant to a plea agreement. [ECF No. 59, 60, 61.] And on January 26, 2024, the court sentenced Davis to a total term of 110 months' imprisonment to be followed by four years of supervised release. [ECF No. 68.] The judgment was entered on January 29, 2024. [ECF No. 69.]

Davis did not appeal the judgment.

On March 13, 2025, the court received a memorandum of law in support of a motion to vacate his sentence under 28 U.S.C. § 2255. [ECF No. 74.] At that time, the court had not yet received a § 2255 motion from Davis. On April 8, 2025, however, the court received a form § 2255

1

motion. [ECF No. 77.] Attachments to that filing indicate that the motion had been mailed to the court on January 27, 2025, but was never received. *See* ECF No. 77-1. So the motion was then remailed along with materials explaining the delay. Davis asks the court to consider his motion timely. *Id.*

The Government opposes § 2255 relief, arguing Davis's motion is time-barred and, even if timely, lacks merit. [ECF No. 85.] Davis disputes both contentions. [ECF No. 88.]

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

### II. 28 U.S.C. § 2255

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion under 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such a sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as

may appear appropriate." *Id.* § 2255(b). If, however, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

## DISCUSSION

### I. Davis's Motion is Untimely

The court entered judgment in this case on January 29, 2024, and it became final fourteen days later on February 12, 2024, as Davis did not file a notice of appeal. The one-year limitations period began running the next day. *See* 28 U.S.C. § 2255(f); *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). Thus, Davis was required to file his § 2255 motion on or before February 12, 2025.

The earliest filing received by the court was Davis's memorandum of law, docketed March 13, 2025. As a prisoner, Davis is entitled to the benefit of the prison mailbox rule. Under this rule, the date of filing is deemed to be the date the prisoner places a document into the prison mail system, not the date it is actually received by the court. *Houston v. Lack*, 487 U.S. 266 (1988).

Davis's memorandum bears a March 7, 2025, date stamp from the prison mailroom at the Edgefield Correctional Institution where Davis was then incarcerated. But even using that earlier date, the filing is untimely.

On April 8, 2025, the court received a form § 2255 motion from Davis, dated January 27, 2025. [ECF No. 77.] The motion includes a declaration stating it was placed in the prison mailbox on that date. *Id.* at 12. A letter attached to the motion attempts to explain why a motion dated January 27, 2025, was not received until April 2025. The letter asserts the motion was originally mailed to the court on January 27, 2025, at 12:08 p.m. [ECF No. 77-1 at 1.] According to the letter, United States Postal Service ("USPS") tracking confirms the motion was received by the court on February 3, 2025, at 12:14 p.m. *Id.* A USPS receipt is also attached to the motion. *Id.* at 3. The receipt shows mail was sent on January 27, 2025, at 12:08 p.m. from Houston, Texas to Edgefield, South Carolina and to Columbia, South Carolina. *Id.* at 3. And an attached USPS tracking printout confirms mail was sent from Houston and delivered in Columbia on the dates and times stated by Davis in his letter. *See id.* at 5–7. The letter further states that Davis's family contacted the court on March 13, 2025, and learned that only the memorandum—with a mail date of March 7, 2025—had been received by the court. *Id.* at 2. Davis's letter states that "he has no idea what happened to the documents he mailed on January 27, 2025," but asks the court to consider his motion timely. *Id.*

The Government argues the § 2255 motion is time-barred and questions whether Davis actually prepared and mailed the January 27 motion, noting irregularities in the documents and discrepancies between the mailing records and Davis's incarceration in South Carolina at the time. [ECF No. 85-1 at 3–5.] While Davis asserts his motion, mailed from Houston, was received by the court on February 3, 2025, the Government highlights that there is no delivery address on either

4

the USPS receipt or the tracking printout, so Davis's evidence only shows mail was sent from Houston to somewhere in Columbia, South Carolina, but not necessarily the court. *Id.* at 6. The Government contends the earliest possible filing date is March 7, 2025. *Id.* at 7.

On this record, the court agrees. The earliest verifiable filing is the memorandum delivered to prison officials on March 7, 2025. Although Davis urges the court to give him the benefit of the January 27, 2025, date on his § 2255 motion, *see* ECF No. 88 at 2–3, the documentary evidence he provides contradicts his assertion that he delivered the motion to prison officials on that date. The materials instead indicate mailing from Houston, Texas on January 27, 2025, while Davis was incarcerated in Edgefield, South Carolina. This discrepancy demonstrates that Davis did not transmit the January 27 motion through the prison mail system and therefore cannot invoke the prison mailbox rule.[1] *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (collecting cases); *Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001) (holding the prison mailbox rule does not apply when a prisoner gives their document to a third party, instead of prison officials, for filing); *see also Litchfield v. United States*, 5:22-cv-147-GCM, 2022 WL 17417177, at *2 n.1 (W.D.N.C. Dec. 5, 2022) ("The Petitioner does not receive the benefit of the prison mailbox rule because he did not mail [his motion] from prison; his mother mailed it to the Court on Petitioner's behalf."). Had the court received Davis's motion on February 3, 2025, it would have been timely. But the court did not receive any mail related to this case on that date, and Davis provides no credible evidence to support his claim that mail sent from Houston was addressed to and delivered to the court in February 2025.

Accordingly, the earliest filing date is March 7, 2025, which renders the motion untimely.

---

[1] Indeed, even the copy of the § 2255 motion that was eventually received by the court was mailed from Houston, Texas on March 14, 2025, the day after Davis's family called the court and learned that the § 2255 motion had not been received. *See* ECF No. 77-2 at 1.

5

## II.     Equitable Tolling Does Not Apply

The United States Supreme Court has held that the federal one-year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."). In the Fourth Circuit, however, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *Bogan v. South Carolina*, 204 F. App'x 160, 160 (4th Cir. 2006) (per curiam) ("Recourse to equitable tolling must be guarded and infrequent."). As a result, circumstances rarely warrant equitable tolling, and a petitioner bears the burden of proving his entitlement to the doctrine. *Harris*, 209 F.3d at 330. To carry his burden, a petitioner must show "(1) extraordinary circumstances, (2) beyond his control, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Davis argues equitable tolling applies because he attempted "to file both the memorandum and the AO 243 form within the limitations period—supported by a USPS receipt and multiple declarations—demonstrates diligence. At minimum, confusion or mishandling by prison officials or mailing delays constitute 'extraordinary circumstances' beyond Davis's control." [ECF No. 88 at 3.] The court disagrees. The record reflects that Davis relied on a third party outside the prison to transmit his filing. He did so at his own peril. *Cf. Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) ("Simply put, when [the § 2255 petitioner] decided to count on someone in another prison to draft his motion and mail it to him through the prison and the U.S. mail systems, he voluntarily took the risk of late delivery."). These circumstances are not extraordinary

6

circumstances beyond Davis's control that prevented timely filing. Davis has therefore failed to meet his burden. Thus, the court declines to equitably toll the statute of limitations in this case.

## CONCLUSION

Because Davis's § 2255 motion is time-barred, the Government is entitled to summary judgment on this matter. This conclusion is evident as a matter of law from the motion and the files and records of the case. Accordingly, the court will grant summary judgment without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

Davis's motion to vacate under 28 U.S.C. § 2255, ECF Nos. 74, 77, is **DENIED**. The Government's motion for summary judgment, ECF No. 85, is **GRANTED**. It is further ordered that a certificate of appealability is denied as Davis has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

*Sherri A. Lydon*

February 26, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Davis has not made the requisite showing.